FILED
2020 Apr-27  PM 03:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **ANGELA M POER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Civil Action Number: |
| | ) | **2:19-cv-1361-AKK** |
| **JEFFERSON COUNTY** | ) | |
| **COMMISSION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Angela Poer, a white female, claims that her former employer, the Jefferson County Commission, discriminated against her on the basis of her race. Before the court is the Commission's motion to dismiss the complaint, doc. 6, and Poer's motion to strike certain statements from the Commission's briefing, doc. 13. For the reasons explained below, both motions are due to be denied.

## I.

The court begins with a brief summary of the relevant facts as alleged in the complaint. The Commission hired Poer as an Administrative Services Manager in its General Services Department in October 2017. Doc. 1 at 3. Poer reported to Trisha Wilkins, a black female.[1]  *Id.*

---

[1] The Commission avers that Wilkins was the Deputy Director of General Services, rather than Poer's manager. Doc. 6 at 3 n.5. To the extent that the Commission suggests Wilkins was not

Poer claims that Wilkins was prejudiced against white people. According to Poer, Wilkins said that Poer would have difficulty managing the black women on her staff because she is white. Doc. 1 at 9. Wilkins then allegedly added: "If it were up to me, I would fire every one of the white managers that are currently in general services." *Id.* Wilkins also allegedly asked one of Poer's employees why, as "a strong black woman," she would "let a white woman make her upset." *Id.* at 6. On another occasion, Wilkins allegedly denounced a grant given to a hospital for those suffering from heroin addiction, saying "money should not be spent on white men, because the same people did not want to spend money on black people." *Id.* at 9.

Because of her alleged prejudice against white people, Poer claims that Wilkins treated her differently from black employees. For example, Wilkins blamed Poer for erroneously approving an order of uniforms, when in fact a black employee made the error. *Id.* at 4. Poer says Wilkins repeatedly bent the rules for black employees: allowing them to get coffee from McDonald's while on the clock, to bring alcohol to the office Christmas party, and to use their cell phones during work hours. *Id.* at 8–9. Poer further alleges that black employees were not docked time when they arrived late and were not required to submit requests for time off, while Poer was scrupulously held to such policies. *Id.* at 9–10.

---

Poer's supervisor, the court ignores the suggestion since it must accept the allegations in the complaint as true at this stage of the litigation.

Poer claims that these conditions created a hostile work environment.  *See id.* at 6.  Poer alleges that Wilkins' conduct "instilled fear and anxiety in Poer to the point at which Poer was forced to increase her blood pressure medication and began to exhibit a startle reflex which resulted in heart palpitations."  *Id.* at 8.  According to Poer, the only other white female employee in the department transferred to a different department to escape the hostile work environment.  *Id.* at 10.

Poer requested a transfer in July 2018.  *Id.* at 3.  Around the same time,[2] Poer met with officials in the Equity and Inclusion Department to seek assistance regarding Wilkins' conduct towards Poer.  *Id.* at 6.  Poer met with officials in the Equity and Inclusion Department again a few weeks later.  *Id.* at 7.  Poer relayed some of Wilkins' comments to these officials and told them that she was afraid of Wilkins.  *Id.* at 6–7.  One of the officials allegedly replied that "it is a good thing for county employees to be afraid so that they would do their jobs."  *Id.* at 7.  The officials encouraged Poer to meet with Human Resources, which Poer did the next day.  *Id.*  Human Resources offered to set up a mediation with Wilkins.  *Id.*  Poer twice followed up to schedule the mediation, but it never took place.  *Id.* at 7–8.

At the meeting with Human Resources, Poer was told she would not receive

---

[2] Poer says her first meeting with the Equity and Inclusion Department took place before she requested the transfer.  Doc. 1 at 3.  But she twice says the meeting took place on July 12, 2018, which is two days after she requested the transfer.  *Id.* at 3, 6.  The discrepancy is immaterial to the court's analysis.

the transfer because she had less than one year of experience at the Commission.[3] *Id.* at 7. A black employee received the transfer instead. *Id.* at 3. This employee also had less than one year of experience at the Commission; in fact, Poer says the black employee had even less experience than Poer. *Id.* at 5; Doc. 1-1 at 1. A few months later, Poer was terminated. Doc. 1 at 10; Doc. 6 at 4.

Poer filed a charge with the EEOC, alleging that the Commission discriminated against her when Wilkins blocked her transfer. Doc. 1-1 at 1. After receiving a right-to-sue notice, doc. 1-2 at 1, Poer initiated this action, alleging two counts: (1) racial discrimination in violation of 42 U.S.C. § 1981 brought pursuant to 42 U.S.C. § 1983; and (2) racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq. Doc. 1.

## II.

When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court "must accept all facts in the complaint as true and view those facts in the light most favorable to the plaintiff." *Sun Life Assurance Co. v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1207 (11th Cir. 2018). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state

---

[3] During the EEOC investigation, the Commission gave a different reason for denying the transfer. It said Poer's transfer was denied because she was on a Performance Improvement Plan ("PIP"). Doc. 1 at 3. Poer says there is no policy against transferring an employee on a PIP. *Id.* at 3, 6. Poer also observes that the PIP was not initiated until after she applied for the transfer. *Id.* at 3.

a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "[D]etailed factual allegations" are not required, but mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### III.

The Commission moves to dismiss both counts for failure to state a claim. Doc. 6 at 5. It also moves to dismiss the Title VII claims in Count II for exceeding the scope of the EEOC charge. *Id.* at 7. The court will address each point in turn.

### A.

The Commission first argues that Poer failed to allege a prima facie case of discrimination. The standard for proving intentional discrimination under Title VII and under § 1981 is the same. *See Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998). However, to establish discriminatory intent at the motion to dismiss stage, the plaintiff does not have to allege a prima facie case under *McDonnel Douglas*. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Instead, the plaintiff need only "provide enough factual matter (taken as true) to suggest intentional race discrimination." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (citation omitted).

Poer easily meets this test. She alleges that Wilkins made a number of comments expressing prejudice towards white people, including saying that "[i]f it

were up to me, I would fire every one of the white managers that are currently in general services." Doc. 1 at 9. Poer also alleges that Wilkins subjected her to different terms and conditions than the black employees, and that she reported at least some of this offensive conduct through the proper channels. *Id.* at 6–7. Finally, Poer alleges that Wilkins blocked her transfer. Doc. 1-1. These allegations plausibly raise an inference of racial discrimination.

In its reply brief, the Commission argues for the first time that because Wilkins did not have the authority to make the final decision regarding transfers, Poer failed to allege a claim against the Commission. Doc. 12 at 4. Generally, the court will not consider new arguments raised in a reply brief. *See Hardy v. Jim Walter Homes, Inc.*, 2008 WL 906455 at *8 (S.D. Ala. 2008). Additionally, Poer alleges that Wilkins did have the authority to block her transfer, doc. 1-1, and at this stage of the litigation the court must accept the plaintiff's allegations as true, *Sun Life Assurance Co.*, 904 F.3d at 1207. For these reasons, the court finds that Poer adequately pleaded claims of racial discrimination under Title VII and § 1981.

## B.

The Commission also argues that the Title VII claims are outside the scope of the EEOC charge.[4] The Title VII claims a plaintiff may assert in court are "limited

---

[4] *See* doc. 6 at 8 (stating only in support of this contention that "[t]he Plaintiff only asserted a claim for discrimination based on her race as it related to her transfer in her EEOC charge. As such, she cannot now assert such facts that ha[ve] never been presented as her cause of action").

by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004). The purpose of this restriction is to afford the EEOC "the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Id.* at 1279. However, "the scope of an EEOC complaint should not be strictly interpreted." *Id.* at 1280 (citation omitted). Thus, the "proper inquiry" is whether the Title VII claims are "like or related to, or grew out of, the allegations contained in [the] EEOC charge." *Id.*

The Commission argues that Poer should not be allowed to allege facts in her complaint that she did not also state in her EEOC charge. The law imposes no such restriction. A plaintiff can buttress allegations made in her charge with new facts in her complaint. In any event, as Poer notes, the Commission does not outline what contentions in the complaint exceed the scope of the EEOC charge. The court has no obligation ferret out facts or arguments for a movant. Moreover, a cursory review of the EEOC charge, doc. 1-1, shows that it is sufficiently similar to the allegations in the complaint.

The court thus finds that the motion to be dismissed is due to be denied, and turns now to the motion to strike.

## IV.

Poer moves to strike a number of statements made in the Commission's briefing for introducing facts not presented in the complaint.  Doc. 13.  Federal Rule of Civil Procedure 12(f) permits courts to strike certain material "from a pleading." The rules define a pleading as "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."  Fed. R. Civ. P. 7(a).  A pleading does not include a motion to dismiss or briefs filed in support thereof.  Thus, a motion to strike is not an available remedy for improper factual assertions made in a motion to dismiss.  *Horton v. HSBC Bank*, 2013 WL 2452273 at *9 (N.D. Ga. 2013); *see also Polite v. Dougherty Cty. Sch. Sys.*, 314 Fed. App'x 180, 184 n.7 (11th Cir. 2008).[5]  The motion to strike is also unnecessary, since, in the case's current posture, the court must accept the allegations in the complaint as true and cannot credit contradictory assertions made in a motion to dismiss.  Accordingly, the motion to strike is due to be denied.

---

[5] That said, courts will frequently entertain motions to strike evidence outside of pleadings, effectively construing the motions as objections to inadmissible evidence.  *Allen v. S. Commc'ns Servs., Inc.*, 963 F. Supp. 2d 1242, 1248 (N.D. Ala. 2013); *see also Morris v. Precoat Metals*, 2013 WL 830868 at *2 (N.D. Ala. 2013); *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008).

## V.

The motion to dismiss, doc. 6, and the motion to strike, doc. 13, are **DENIED**. The Commission's answer is due by May 15, 2020, and the parties' Rule 26 Report is due by June 5.

**DONE** the 27th day of April, 2020.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE